UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,                                        No. 11-10535

                  Debtor(s).
_____/

Memorandum re Objection to Confirmation of Tenants
_____

       The Chapter 11 plan of reorganization of debtors Alan and Elizabeth Murray is now before the court. While there are some issues regarding confirmation which the court is considering, the court elects to deal separately with the objection filed by a group of tenants, Timothy & Marcia Evans, Mike & Katie Garrett, Jack & Joyce Nielsen, Ken & Laurie Podesta-Daniels, and Barbara J. Smith. The court hereafter refers to these parties collectively as the Tenants.

       The Tenants do not have allowed claims. They have been engaged in litigation for several years with the Murrays, who own the recreational vehicle park where they have lease rights. The Tenants have objected only as a knee-jerk response to the Murrays' plan; if the Murrays propose it, they are against it. The Tenants do not appear to have given any thought whatsoever as to the consequences to them if a plan is not confirmed.

       The Tenants raise three points of objection: that their lease rights are somehow prejudiced by the plan, that the plan is not feasible, and it has been proposed in bad faith. None has any merit.

       The objection regarding their lease rights is a straw man. The plan does not provide for

1

modification of their rights, only a voluntary alternative one tenant has already accepted. The debtor's counsel has made representations orally and in writing that nothing in the plan modifies the leases, which are to be assumed. The court will deal with this objection by providing that any order confirming the plan will contain a provision that, notwithstanding any term to the contrary in the plan, the rights of the Tenants under their leases are not modified and their leases, to the extent assumable, are assumed in all respects.

Tenants argue that the plan is not feasible. The plan calls for the restructuring of the method by which the Murrays operate the two recreational vehicle parks they own and by writing down some secured obligations to the value of the security. While success cannot be guaranteed, the court is satisfied that the Murrays can reasonably be expected to continue operations without the need for further reorganization or liquidation. Their operations will be simplified, their secured debt will be reduced or restructured, and the validity of the claims of the Tenants will be adjudicated and, to the extent allowed, will be paid pro rata with the unsecured creditors without increasing the Murrays' responsibilities under the plan.

The proponents of a Chapter 11 plan must only show that the plan "has a reasonable probability of success," *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir.1986), and is more than a "visionary scheme[ ]." *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1382 (9th Cir.1985). However, "[t]he prospect of financial uncertainty does not defeat plan confirmation on feasibility grounds since a guarantee of the future is not required. The mere potential for failure of the plan is insufficient to disprove feasibility." *Mutual Life Ins. Co. v. Patrician St. Joseph Partners, Ltd. P'ship* ( In re Patrician St. Joseph Partners Ltd. P'ship), 169 B.R. 669, 674 (D.Ariz.1994) (citation omitted). The court has no difficulty finding that the plan has a reasonable probability of success.

The "good faith" argument is difficult to address, as it is in part a mash-up of matters discussed above and matters relating to their litigation. One issue the court can address is the lack of adequate disclosure. The court entered order approving the disclosure statement on October 9, 2012, after considerable hearings before two judges. The form of order was approved by the U.S. Trustee. The

2

Tenants have not raised any legitimate issue as to disclosure, nor does the court find any omission which rises to the level of bad faith. The Murrays' plan is a legitimate means of dealing with very real financial problems. The court finds that it has been proposed in good faith.

For the foregoing reasons, the objection of the Tenants will be overruled. Any order confirming the plan will have the language regarding the rights of the Tenants set forth above. The court will consider the other objections and the court's own concerns by separate memorandum.

Dated: November 27, 2012

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge