UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,  No. 11-10535

Debtor(s).
_____/

Memorandum re Objection to Hart, King & Coldren
_____

The Chapter 11 plan of reorganization of debtors Alan and Elizabeth Murray is now before the court. While there are some issues regarding confirmation which the court is considering, the court elects to deal separately with the objection filed by creditor Hart, King & Coldren ("Hart"), the Class 9 creditor under the plan.

Hart is a former law firm for the Murrays. It represented the Murrays in one stage of their ongoing disputed with a handful of disgruntled tenants of one of the Murrays' recreational vehicle parks. When the Murrays did not pay their legal bills, the firm sued them obtained a judgment for $97,393.13, and recorded an abstract of judgment which created a lien on the Murrays' real property.[1]

---

[1] The Murrays allege that they have a defense to the claim based on the ethical conduct of the attorney Hart hired to collect its fees. The court is dubious that such claims are any sort of a defense to the Murrays' obligation to satisfy the judgment. The court will treat the judgment as enforceable in the bankruptcy proceedings, without prejudice to the Murrays' right to seek damages in state court.

1

The plan proposes to treat the claim as secured to the extent of the value of the security. The law firm did not exercise its right under § 1111(b) to be treated as fully secured.

The court has been hearing cases in Eureka for many years, and understands that the volume of cases there does not justify any great degree of expertise in bankruptcy matters. Even so, the court is astounded by Hart's objection. There is not a word in it about its own treatment under the plan. Instead, Hart has picked up the mantle of the Tenants, the very people the Murrays hired it to fight. Even taking into account the size of the Eureka community, the court is confounded by this approach. A law firm has a legitimate right to collect on its legal bills, but it seems to the court that Hart is more interested in advancing the position of the people the Murrays hired it to fight than in pursuing collection of its fees. Hart does not seem to realize that there may well be a conflict of interest between its legitimate interests and those of other parties, especially the Tenants. To the extent the plan gives the Murrays an advantage over the Tenants, they will have an easier time meeting their obligations to the unsecured creditors, which includes Hart if its judgment lien proves to be partially or wholly without value.

Moreover, for some reason the court cannot fathom, Hart got the idea that the final hearing on confirmation was only a preliminary hearing, even though everyone else in the case understood that it was a final hearing, including its former counsel. Hart has accordingly forfeited its right to present evidence in this case.

In principle, the court finds nothing wrong with Hart's treatment under the plan. It is to be paid in full with interest as to the value of its security, and will share in the $85,000.00 pool as an unsecured creditor for the balance, if any. Accordingly, its objection will be overruled. The court will defer an order until its independent concerns are addressed. The court strongly cautions Hart, in any future proceedings before the court, to limit its arguments to those directly concerning its right to payment and leave it to others to assert their own rights.

//

//

Dated: November 29, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge