**Entered on Docket
December 03, 2012**
**GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,   No. 11-10535

          Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

      The Chapter 11 plan of reorganization of debtors Alan and Elizabeth Murray is now before the court. There are two objections being prosecuted: one by the County of Del Norte,[1] and the other by a group of tenants, Timothy & Marcia Evans, Mike & Katie Garrett, Jack & Joyce Nielsen, Ken & Laurie Podesta-Daniels, and Barbara J. Smith. The court hereafter refers to these parties collectively as the Tenants.[2]

      The court has previously addressed and overruled each of the objections. However, because of

---

[1] The attorney for the County of Del Norte filed a joint objection for the County and for Hart, King and Coldran, and Brad Floyd as assignee. The latter (a law firm) subsequently began appearing *pro se*, and for some reason got the idea that the final hearing held by the court was to be a preliminary hearing, even though everyone in the case, including their prior counsel, understood that it was a final hearing. Hart, King and Coldran, and Brad Floyd accordingly lost their right to participate in the hearing, though the court has addressed their concerns anyway.

[2] At one time, the U.S. Trustee and the Creditors' Committee also filed objections. However, the U.S. Trustee has withdrawn his objection and the Creditors' Committee has been dissolved.

1

the clear unfamiliarity of the objecting parties with the law and goals of Chapter 11, the court addresses each element of § 1129(a) separately and the objections collectively.

The court begins by noting that if the court finds that each applicable element of § 1129(a) has been met, then confirmation is mandatory. *In re Ambanc La Mesa Ltd. Partnership*, 115 F.3d 650, 653 (9th Cir. 1997).

The court finds that the plan complies with the requirements of the Bankruptcy Code and is a proper use of its provisions. This meets the requirement of § 1129(a)(1).

The court finds that the Murrays have complied with all of the applicable provisions of the Bankruptcy Code. The court has overruled the objections which argued that disclosure was inadequate. Disclosure was fully litigated and adjudicated. The Murrays have met the requirements of § 1129(a)(2).

The Murrays have filed their plan in good faith. The objecting parties have not seemed to grasp that the purpose of Chapter 11 is to deal with financial problems, using the tools provided by the Bankruptcy Code. It is not bad faith to use those tools, nor is it bad faith to put an end to the very litigation which caused the financial problems in the first place. The Murrays have met the requirements of § 1129(a)(3).[3]

All payments to be made under the plan are subject to the approval of the court as reasonable. The Murrays have met the requirements of § 1129(a)(4).

To the extent it is applicable, the Murrays have met the requirements of § 1129(a)(5).

The provisions of § 1129(a)(6) are not applicable.

The court notes that the unsecured creditors have unanimously accepted the plan.[4] The

---

[3]The plan does not employ the power of a debtor in possession to reject an executory contract to defeat any of the rights of Tenants. However, the exercise of the power, had the Murrays found it necessary, would not have rendered the plan unconfirmable.

[4]The Tenants do not have allowed claims and are not allowed to vote. The court has estimated their claims at zero. Hart, King and Coldren claims to be fully secured and has not voted as an unsecured creditor.

2

plan provides for a fund of $85,000.00 to be distributed to unsecured creditors. The court is satisfied that this amount exceeds by far any dividend they would recover if the estate were liquidated. The Murrays have met the requirements of § 1129(a)(7).

Some classes of secured creditors - notably Del Norte County and Hart, King & Coldren - are impaired and have not accepted the plan. However, as to these creditors, the court finds that the plan does not discriminate unfairly and meets the requirements of § 1129(b)(2)(A). Meeting these requirements is a substitute for the requirements of § 1129(a)(8).

All tax and priority claims are properly provided for. The plan meets all the requirements of § 1129(a)(9).

Several impaired classes, including the unsecured creditors (Class 18) have accepted the plan. The Murrays have accordingly met the requirements of § 1129(a)(10).

The court has previously addressed the argument that the plan is not feasible and has rejected it. The Murrays have met the requirements of § 1129(a)(11).

The plan provides for the payment of all fees due under 28 U.S.C. § 1930 to be paid upon confirmation. The Murrays have met the requirements of § 1129(a)(12).

The requirements of § 1129(a)(13), § 1129(a)(14) and § 1129(a)(16) are not applicable.

No holder of an allowed unsecured claim has objected to confirmation. Accordingly, § 1129(a)(15) is not applicable.

For the foregoing reasons. The court will confirm the Murrays' plan, as amended. Counsel for the Murrays shall submit an appropriate form of order approved as to form by counsel for the Tenants.

Dated: December 3, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3