UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,　　　　　　　　　　　　　No. 11-10535

　　　　　　　　Debtor(s).
_____/

Memorandum re Motion to Disqualify Counsel
_____

　　　Several years before Chapter 11 debtors Alan and Elizabeth Murray filed their bankruptcy petition, they became embroiled in a dispute with some of the tenants at one of the recreational vehicle parks which the Murrays operated. The dispute was arbitrated. The Murrays were represented in the arbitration by the law firm of Hart, King & Coldren ("HKC"). The tenants were represented by attorney Bradford Floyd.

　　　The arbitration did not go well for the Murrays. After the arbitration, other tenants joined with the tenants who were parties to the arbitration in suing the Murrays in state court. Floyd represented the plaintiffs in that action. In the meanwhile, the Murrays did not pay the balance of the fees they owed HKC. That law firm sued the Murrays and obtained a judgment against them for unpaid legal fees of about $97,000.00.

　　　In what appears to be either a serious lack of judgment or an act of intentional spite, HKC hired Floyd to collect its judgment.[1] The Murrays have moved the court for an order disqualifying Floyd from further participation in the case.

---

[1] In form, HKC assigned its judgment to Floyd. In response to discovery from the Murrays, Floyd and HKC have asserted the attorney-client privilege and are accordingly estopped from denying the nature of their relationship.

1

Bankruptcy courts in California apply state law in resolving issues of attorney ethics. *In re Rindlishbacher,* 225 B.R. 180, 182n3 (9th Cir. BAP 1998). California Business and Professions Code § 6068(e)(1) provides that an attorney must "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." The court may look to rules of conduct observed by outside jurisdictions where California ethical rules do not deal with the precise situation. *Frye v. Tenderloin Housing Clinic, Inc.*, 38 Cal.4th 23, 52n12 (2006).

HKC committed a serious ethical breach by employing Floyd to collect its judgment. Not only was Floyd the opposing counsel in the matter which gave rise to the unpaid fees, but litigation was ongoing with Floyd actively pursuing the Murrays on behalf of the same clients. A law firm may pursue a client for an unpaid fee but, as recognized in *Rindlishbacher,* there are limits. The law firm continues to have responsibilities and owes the client an ethical obligation to choose a "course of collection least damaging to the client's interests while still enabling the firm to collect." *Boston Bar Ethics Opinion 93-2,* 38 Boston Bar Journal 30 (1994). Of all the collection attorneys HKC could have hired, it chose the one *most* damaging to the Murrays.

Moreover, there is a second important exception to the general rule that an attorney may use a client's confidential information when necessary to collect an unpaid fee. Such information may not be used where the attorney also represents other creditors. *In re Complaint as to the Conduct of Jordan,* 300 Or. 430, 434n1, 712 P.2d 97 (1985); see also "Conflicts of Interest in Bankruptcy Representation," 1 J. Bankr. L. & Prac. 233, 243 (1992)["It is therefore not surprising that a number of courts have found conflicts of interest in cases where the attorney has represented both the debtor and one or more of its creditors in bankruptcy. Courts have found a conflict regardless of whether the representation is simultaneous or subsequent."]; "Ethical Issues for Attorneys Collecting Pre-petition Legal Fees for Bankruptcy Proceedings," 22 Am. Bankr. Inst. J. 26, 56 (2003). HKC should not have chosen an attorney pursuing the Murrays on behalf of others to represent it in collecting its fees.

Floyd argues that he has never represented the Murrays so they may not seek his disqualification. However, under some circumstances, an attorney may be disqualified on motion of a

2

1  person who has never been his or her client. See *In re Yarn Processing patent Validity Litig.*, 530 F.2d
2  83, 89 (5th Cir. 1976); *Colier v. Smith,* 50 F.Supp.2d 966, 971 (C.D. Cal. 1999). The court finds such
3  circumstances here. It was unethical for HKC to hire Floyd, and the court cannot give the Murrays the
4  relief they deserve if Floyd is allowed to pursue them on HKC's behalf.

5        The court finds no merit to Floyd's argument that he can continue to represent HKC because
6  HKC never actually gave him any confidential information. This argument is based on the declaration
7  of attorney William Dahlin to the effect that no sharing of confidential information took place.
8  However, the declaration loses all credibility in light of the assertion of the attorney-client privilege to
9  bar any inquiry into its factual basis. There is generally a presumption that if confidences could have
10 been shared they have been shared. See. e.g., *City and County of San Francisco v. Cobra Solutions,*
11 *Inc.,* 38 Cal.4th 839, 847 (2006)*; Sands & Associates v. Juknavorian*, 209 Cal.App.4th 1269, 1294
12 (2012).

13       The court concludes that HKC had a lapse in ethical judgment when it chose Floyd to collect
14 its unpaid fees. While HKC had a right to collect its unpaid fees, the Murrays did not become
15 strangers because they could not pay their legal bills; they were clients still, and HKC forgot this when
16 it hired Floyd. The court must therefore disqualify Floyd from representing HKC. Accordingly, the
17 Murrays' motion will be granted. Counsel for the Murrays shall submit an appropriate form of order.

19 Dated: February 20, 2013

                                                   Alan Jaroslovsky
                                                   U.S. Bankruptcy Judge

3