UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,                                      No. 11-10535

                Debtor(s).
_____/

Memorandum on Application for Compensation
_____

      Casey White was an attorney duly appointed to represent the Creditors' Committee in this modest Chapter 11 case. She served as its counsel for a little over a month, during which time she conducted a deposition of debtors Alan and Elizabeth Murray and prepared opposition to the Murrays' proposed Chapter 11 plan. She seeks as compensation $8,126.25 in fees and $1,425.50 in expenses.

      Citing not a single statute, case, rule or authority, the Murrays filed an 8-page opposition to the application. The grounds for this opposition can be fairly summarized that the Creditors' Committee was improperly constituted, its members were bent on destroying the Murrays, and that White acted in furtherance of their desires instead of taking actions more in keeping with the best interests of general unsecured creditors.

      Factually, most of the allegations made by the Murrays are true. The Committee was improperly constituted, and was motivated by interests not consistent with general unsecured creditors. It eventually dissolved after the court estimated the disputed claims of most of its members at zero and one member of the Committee broke ranks and supported the plan. However, White played no role in constituting the Committee and took action as instructed until the Committee was dissolved. The Murrays make no supported legal argument as to why these facts result in White being

1

uncompensated, leaving it up to the court to identify the applicable law.

When a professional employed by a creditor without an order of the court seeks compensation from the bankruptcy estate, the professional must make the showings required by § 503(b) of the Bankruptcy Code, including benefit to the estate. There is no such requirement for counsel for a Creditors' Committee duly appointed under § 1103. Such a professional need only show, pursuant to § 330(a)(1)(a), only reasonable fees for actual and necessary services rendered.

Section 330(a)(3)(C), not cited by the Murrays, does require the court to consider, among six other *factors*, whether the services "were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of" the case. However, this requirement must be interpreted in the light of the special circumstances of a committee counsel. *Collier* notes:

> The requirement that the services for which compensation is sought benefit the estate has a peculiar effect in the case of a professional employed by a committee appointed under section 1102. In such cases, the role of the committee, and hence the committee professional, is to advance the interests of the constituency, and it does not owe a fiduciary duty to the debtor or the estate.

3 **Collier on Bankruptcy** (16th Ed.), ¶ 330.03[1][b], p. 330-26.

White is correct in noting that her client was the Committee, and she owed a fiduciary duty only to it. However, for her to be compensated from the estate she must demonstrate that her actions were reasonably intended to advance the interests of the constituents of the Committee, the unsecured creditors.[1] To the extent they did not, the court may take this factor into consideration in fixing an appropriate fee.

White has not met her burden of showing that all of her services benefitted the unsecured creditors. While much of her work, especially in deposing the Murrays, was clearly necessary and beneficial to unsecured creditors, her action in filing opposition to the Murrays' plan can only be characterized as furtherance of the vendettas of the individual committee members and not in the best

---

[1] The burden of proof is of course on the applicant. 2A **Bankr. Service L. Ed.** § 16B:214; *In re Tan, Lie Hung & Mountain States Investments, LLC*, 413 B.R. 851, 856 (Bkrtcy.D.Ore. 2009).

interests of general unsecured creditors. Her primary argument advanced only the position of the majority of the committee members, that the plan improperly modified their rights as tenants, and was completely at odds with the best interests of general unsecured creditors. The rest of her arguments constituted only a mud-on-the-wall attempt to defeat the plan, not a measured response to the plan and a good faith attempt to improve it for the benefit of the Committee's proper constituency. The court cannot allow compensation from the estate for this improvidently-made objection.

The court has identified about $3,500.00 in fees and expenses in White's application as being related to the preparation and prosecution of the objection to confirmation. Section 330 allows the court to reduce the fees of a committee counsel to the extent that services rendered did not benefit the committee's constituency. *In re Gadzooks, Inc.,* 352 B.R. 796, 812 (Bkrtcy.N.D.Tex.2006). The court finds that it is appropriate to reduce White's compensation in this case.

Taking all of the factors into consideration, the court finds that White should not be compensated for services and expenses related to the objection to confirmation and that $6,000.00 is a fair and reasonable allowance for her compensable services. The court makes no finding that White acted improperly, but does find that her fees and expenses related to the objection to the plan were not in furtherance of the interests of the general unsecured creditors and therefore should not be paid by the estate.

For the foregoing reasons, the Murrays' objection to White's application for compensation will be sustained in part and overruled in part, and White shall receive total compensation of $6,000.00 for her services and expenses as counsel for the Creditors' Committee. White shall submit an appropriate form of order.

Dated: March 13, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge

3