UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,                                              No. 11-10535

                                  Debtor(s).
_____/

Memorandum re Amended Disclosure Statement
_____

       In this Chapter 11 case a group of tenants, both individually and as members of an aborted creditors' committee, viewed the legitimate efforts of Alan and Elizabeth Murray to reorganize their financial affairs as another opportunity to continue their feud with the Murrays. The court set aside time in its calendar for a lengthy hearing on the tenants' claims, which appeared to be inflated and of dubious merit. On the eve of trial, the tenants sought to withdraw their claims, which required leave of court.

       The court ordered that the claims could be withdrawn only with prejudice, as to all matters contained in their proofs of claims or which could have been asserted. The court had three reasons for this condition. First, the court and the Murrays had spent considerable time preparing for the trial and it was unfair to allow the claims to be withdrawn without prejudice. Second, the court had set aside valuable court time for the trial which could not be filled with other matters, so it would be a waste of judicial resources for the dispute to be left unresolved. Third, the court felt it important to put an end to the feuding once and for all for the benefit of the parties and all humanity.

1

On February 5, 2013, the court entered an order providing that "The withdrawal is with prejudice, and said Claimants are forever barred from pursuing or prosecuting all rights that were asserted in said claims or could have been asserted had the claims been actually litigated." For some reason which the court does not understand, the Murrays seek to amend their plan to further deal with the tenants and to revive claims which are precluded by their confirmed plan. The court views this effort as both unnecessary and improper.

Amendment of the plan seems unnecessary because the court has given the Murrays all the tools they need to enforce their plan. The court is fully capable and willing to deal with any attempt by the tenants to avoid the effect of the plan as confirmed, should they be so foolish as to try.

The amendment is improper because it would order some future court to apply principles of issue or claims preclusion to a case pending before it. The court has no power to tell another court how to rule. If the tenants commence an action in violation of this court's order, the Murrays can seek contempt sanctions and injunctive relief in this court pursuant to § 105(a) of the Bankruptcy Code to stop that action or they can even remove it to this court. These are proper remedies, as opposed to the improper remedies the Murrays seek.

The proposed amendment is also improper in seeking to revive rights of the Murrays which were not preserved in the confirmed plan. The court has no desire to perpetuate any disputes, and it would be patently unfair to allow the Murrays to revive their precluded claims after the tenants had withdrawn theirs and other parties had consented to or abandoned opposition to the plan. The order confirming the plan has preclusive effects as to the Murrays as well as their creditors. *In re Heritage Hotel Partnership I*, 160 B.R. 374, 376–77 (9th Cir. BAP 1993), aff'd, 59 F.3d 175, 1995 WL 369528 (9th Cir.1995). It would be unfair for the Murrays, in the guise of an amendment to the plan, to avoid preclusion while their creditors are precluded.[1]

---

[1] The proposed post-confirmation disclosure statement is also grossly insufficient in that it fails to discuss the law of claims preclusion or the effect confirmation of the "Modified" plan would have in reviving claims precluded by confirmation of the original plan.

2

1    The court sees no justification for amending the plan so that the Murrays obtain a discharge
2    before completion of their plan.  Delay of the discharge is the best way for the court to insure that the
3    Murrays perform their plan.  The delay in entering discharge in no way diminishes their protection
4    under their plan, and the court stands ready to enforce it.  Pursuant to § 1141(d)(5)(A) of the Code,
5    cause for an early discharge must be shown and neither the proposed supplemental disclosure
6    statement nor the proposed amendments to the plan show any such cause.  Moreover, an amendment to
7    the plan is not necessary for an early discharge if there is cause.
8         For the foregoing reasons, the court will not approve the Murrays' post-confirmation disclosure
9    statement.  Their counsel may submit an appropriate form of order if one is desired.

11   Dated:  May 6, 2013

                                          Alan Jaroslovsky
                                          Chief Bankruptcy Judge

3