1

2

3

4

5

6

7        UNITED STATES BANKRUPTCY COURT

8        NORTHERN DISTRICT OF CALIFORNIA

9    In re

10   ALAN and ELIZABETH MURRAY,                                   No. 11-10535

11                              Debtor(s).
     _____/

12                          Memorandum re Prevailing Party
13                          _____

14        On October 19, 2011, creditor Betty Mae Haugen filed a proof of claim in this Chapter 11 case.

15   She listed the amount of the claim as $200,000.00 and stated the basis for the claim as "Breach of

16   Contract."  She attached to her claim a copy of state court complaint in which she was a named

17   plaintiff.  In the complaint, she specifically alleged that she had entered into "a purchase agreement,

18   lease agreement and rent sharing agreement similar to those agreements entered into by [other

19   plaintiffs]."  A copy of the lease agreement was included in the claim which provides that in the event

20   any suit or action is brought to enforce a provision of the lease reasonable attorneys fees may be

21   awarded.  Haugen specifically prayed for attorneys fees.

22        On September 6, 2011, the debtors objected to the claim.  On August 29, 2012, the debtors

23   moved for summary judgment, specifically addressing Haugens' contentions that they had violated the

24   terms of Haugen's lease agreement.  On October 3, 2012, the Honorable M. Elaine Hammond granted

25   the motion.  The debtors now seek attorneys fees of $5,536.90 pursuant to California Civil Code §

26   1717.

1

1   No general right to attorney fees exists under the Bankruptcy Code. However, a prevailing

2   party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with

3   applicable state law if state law governs the substantive issues raised in the proceedings. *In re Baroff*,

4   105 F.3d 439, 441 (9th Cir.1997).  Because state law necessarily controls an action on a contract,

5   attorney's fees may be awarded when: (1) the contract provides for an award; and (2) state law permits

6   the awarding of attorney's fees. *In re Bennett*, 298 F.3d 1059, 1064 (9th Cir. 2002).

7       Haugen cited no cases in her opposition brief.  Her only argument is that "Debtors basis for

8   bringing their motion for attorneys fees is a reference to a contract attached to the State Court

9   Complaint which was filed as part of Claim No. 21. However, none of the contracts attached to the

10  State Court Complaint are a contract between Betty Haugen and the Debtors."  She did not so allege in

11  her complaint, which represented only that she had entered into the same agreements.

12      California law has been simply stated as  "Where a party claims a contract allows fees and

13  prevails, it gets fees. Where it claims a contract allows fees and loses, it must pay fees." *International*

14  *Billing Services, Inc. v. Emigh* , 84 Cal.App.4th 1175, 1190 ( 2000).   While this may be a little too

15  simplistic, there is no requirement that a winning defendant under a contract dispute prove that the

16  losing plaintiff clearly and actually would have been entitled to fees if it had prevailed.  It is enough if

17  the defendant shows that "the contract [plaintiff] sought to enforce contained such a clause." *Linear*

18  *Technology Corp. v. Tokyo Electron Ltd.,* 200 Cal.App.4th 1527, 1538 (2011).  The court there further

19  noted: "A prevailing defendant should not be required to undergo a minitrial to establish the merit of

20  the *losing plaintiff's* hypothetical fee claim under the contract on which the plaintiff sued." *Id.*

21  *(emphasis in the original).*

22      In the complaint which was part of the proof of claim, Haugen affirmatively alleged that she

23  was a signatory to a lease agreement which indisputably contained an attorneys fee provision.  Her

24  claim was based on rights arising from the agreement.  Having lost her case, she must pay the debtors'

25  legal fees.  The debtors are not obligated to produce the contract signed by Haugen, nor must the court

26  hold a minitrial to establish the merit of Haugen's claim that she was entitled to contractual attorneys

2

1  fees.

2        For the foregoing reasons, the debtors' motion for attorneys fees will be granted.  Counsel for

3  the debtors shall submit an appropriate form of order.

4

5  Dated:  August 9, 2013

6  _____
   Alan Jaroslovsky

7  Chief Bankruptcy Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3