UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,                                        No. 11-10535

                                Debtor(s).
_____/

Memorandum on Motion for Reconsideration
_____

      Several years before Chapter 11 debtors Alan and Elizabeth Murray filed their bankruptcy petition, they became embroiled in a dispute with some of the tenants at one of the recreational vehicle parks which the Murrays operated. The dispute was arbitrated. The Murrays were represented in the arbitration by the law firm of Hart, King & Coldren ("HKC"). The tenants were represented by attorney Bradford Floyd.

      The arbitration did not go well for the Murrays. After the arbitration, other tenants joined with the tenants who were parties to the arbitration in suing the Murrays in state court. Floyd represented the plaintiffs in that action. In the meanwhile, the Murrays did not pay the balance of the fees they owed HKC. That law firm sued the Murrays and obtained a judgment against them for unpaid legal fees of about $97,000.00. They thereafter retained Bradford Floyd to collect the judgment.

      The Murrays brought a motion to disqualify Floyd from representing the tenants. The motion did little more than cite a few platitudes and general principles of attorney behavior, leaving it to the court to research the issue in depth and find the relevant law. After a thorough analysis, the court concluded that HKC had acted unethically by retaining Floyd and disqualified Floyd from continuing to represent HKC. Unhappy with this application of the law, the Murrays now seek reconsideration. They insist that the court disqualify Floyd from representing the tenants, even though Floyd has never

1

been the Murrays' lawyer.

Several years ago, the court considered a motion by an opposing party to disqualify the attorney who now represents the Murrays. The court noted there:

> A motion to disqualify [opposing] counsel is not an arrow normally in the quiver of a litigant. A motion for disqualification of counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity. *Schiessle v. Stephens*, 717 F.2d 417 (7th Cir. 1983). They are often tactically motivated; they tend to derail the efficient progress of litigation. *Evans v. Artek Systems Corp.*, 715 F.2d 778,791 (2nd Cir. 1983). The moving party, therefore carries a heavy burden and must satisfy a high standard of proof (*Id.*) Because of the potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny. *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985) citing, *Freeman v. Freeman*, 689 F.2d 715,721-722 (7th Cir. 1982). The court may sanction counsel for making a motion to disqualify opposing counsel where no evidence or facts are presented justifying the motion. *Adriana International Corp. v. Thoren*, 913 F.2d 1406,1416 (9th Cir. 1990). To be justified, a motion to disqualify must be based on present concerns and not concerns which are merely anticipatory and speculative. *In re Coordinated Pretrial Proceedings, etc.*, 658 F.2d 1355, 1361 (9th Cir. 1981).[1]

Where a party seeks to disqualify his own counsel or former counsel from representing an adverse party, the burden is not so great and disclosure of confidential information is presumed. However, where a party seeks to disqualify someone who has never been his counsel the burden is much greater. There is no such presumption, and any concerns must be present and cannot be anticipatory or speculative. The Murrays have confused the standard for disqualifying one's own counsel with the standard for disqualifying opposing counsel. The latter requires a showing the Murrays have not come close to making.

The Murrays argue that Floyd should be disqualified because HKC revealed to him confidential information about their finances. This cannot be a basis for disqualification of Floyd for two reasons. First, HKC had a right to use their knowledge of the Murrays' finances to collect their unpaid fees. Second, upon the filing of their bankruptcy petition there was no longer any such thing as confidential financial information.

Moreover, as things stand now the tenants have withdrawn their claims against the Murrays

---

[1] *Universal Bank v. Marvel,* A.P. No. 99-1226, Memorandum dated July 19, 2000.

with prejudice and no litigation is pending between them, making the basis for the motion both anticipatory and speculative as well as moot. The Murrays argue that some business entities in which they have an interest have litigation pending with the tenants, but those entities are not in bankruptcy and any such litigation is not pending here so this court is not the proper forum for those entities to assert whatever rights they may have.

Lastly, the court views the Murrays' motion as primarily tactical in nature. If Floyd is disqualified, the tenants will in all likelihood have difficulty finding replacement counsel in the area that they can afford. The court must balance the prejudices that will inure to the parties as a result of its decision to disqualify their counsel, and disqualification may be imposed only after a careful consideration of the client's right to be represented by the counsel of her choice, and the nature and extent of the ethics violation. *Palmer v. Pioneer Hotel & Casino*, 19 F.Supp.2d 1157, 1162 (D.Nev.1998). In this case, the court has determined that the appropriate sanction is to disqualify Floyd from representing HKC but not the tenants.

For the foregoing reasons, the motion for reconsideration will be denied. Any party may submit an appropriate form of order.

Dated: August 13, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge