UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,   No. 11-10535

　　　　　Debtor(s).
_____/

Memorandum on Motion to Annul Automatic Stay
_____

　　Mark Haugen resides with his mother in a recreation park operated by an entity owned by Chapter 11 debtors Alan and Elizabeth Murray. There is a long history of bad blood and litigation between the park tenants and the Murrays, which their confirmed Chapter 11 plan was supposed to end.

　　On June 6, 2012, while the automatic stay was in effect and with full knowledge of the bankruptcy, Haugen filed a personal injury action against the Murrays in state court. In a separate adversary proceeding, this court has already found Haugen's action to be a willful violation of the automatic stay and will soon be setting a trial to fix damages. Displaying a fair amount of chutzpah, Haugen has asked the court to annul the automatic stay in order to validate his lawsuit and, presumably, moot the adversary proceeding. He says he will limit his recovery to any available insurance coverage.

　　There are two conflicting policies here. On the one hand, bankruptcies are not intended to protect insurance companies; stay relief is almost always granted to pursue insurance coverage. On the other hand, Haugen's filing of the lawsuit without obtaining relief was a flagrant violation of bankruptcy law for which he must be held accountable. The court is very suspicious that Haugen's

alleged injuries are a sham intended only to continue the feud with the Murrays, notwithstanding his belated recognition that insurance is his only possible source of recovery.

The court's task is to balance the equities in deciding whether to retroactively validate an action taken in violation of the automatic stay. *In re Fjeldsted,* 293 B.R. 12, 24 (9th Cir. 2003). Balancing the equities, the court will deny the motion with leave to seek reconsideration when four conditions are met:

1. The pending adversary proceeding brought by the Murrays must be concluded, and all damages awarded against Haugen must be satisfied in full.

2. Haugen must agree and acknowledge that annulment of the stay will not vacate the judgment against him for its willful violation or entitle him to any recovery or setoff.

3. Haugen must demonstrate that there is a policy of insurance which might be a source of recovery. He may conduct discovery on this matter if necessary.

4. Haugen is prepared to demonstrate, by appropriate medical testimony, that his injuries were real and substantial.

Counsel for the Murrays shall submit an appropriate form of order.

Dated: February 11, 2014

_____
Alan Jaroslovsky
Chief Bankruptcy Judge

2

Case: 11-10535    Doc# 562    Filed: 02/11/14    Entered: 02/11/14 16:01:15    Page 2 of 2